David STANFIELD, Appellant,

v.

Hunter HAY, Jailer, Franklin County Regional Jail, Appellee.

No. 91–CA–001428–MR.

Court of Appeals of Kentucky.

Aug. 28, 1992.

As Modified on Denial of Rehearing Nov. 13, 1992.

Case Ordered Published Nov. 13, 1992.

Discretionary Review Denied by Supreme Court April 14, 1993.

David Stanfield, pro se.

James E. Boyd, Frankfort, C. Thomas Hectus, Louisville, for appellee.

Before EMBERTON, HUDDLESTON and STUMBO, JJ.

EMBERTON, Judge.

This case involves the question of entitlement of inmates at the Franklin County Regional Jail to have smoking privileges. The appellant, David Stanfield, filed an action in the Franklin Circuit Court against appellee, Hunter Hay, Franklin County Jailer, seeking $225,000 in compensatory damages for pain and suffering caused by his withdrawal from nicotine while an inmate at the jail and $25,000 in punitive damages for violations of his constitutional and civil rights. The claim was dismissed for failure to state a claim upon which relief could be granted and this appeal followed. We find the rights of the appellant have not been violated, and, therefore, affirm.

In August, 1990, the Franklin County Jail implemented a no smoking policy which prohibits inmates and guards from using tobacco products while inside the Franklin County jail. However, certain inmates who work in the kitchen are permitted to smoke there under an exhaust system which is vented to the outside.

Appellant does not specify what constitutional right is violated by the policy. Although this appears to be a novel question in the Commonwealth, we agree with the view expressed in *Doughty v. Board of County Commissioners*, 731 F.Supp. 423 (D.Col.1989), that there is no

constitutional right to smoke in a jail or prison. Even outside the confines of a jail, smoking is becoming an increasingly restrained privilege. Scientific authority indicates there are health hazards, not only to the smoker, but to those around him. In addition, the fire hazards within the confines of a jail are apparent.

■ In determining whether a certain policy of a jail or prison violates the due process clause of the Fourteenth Amendment, the first consideration is whether the policy is a punishment. *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). If there is no showing of an intent to punish and the policy is reasonably related to a legitimate government objective, the policy is not a punishment. *Id.* at 537–38, 99 S.Ct. at 1873, 60 L.Ed.2d at 467–68.

While there may be some discomfort experienced by those suffering nicotine withdrawal, the ban on smoking cannot be considered a punishment. It reduces the potential of fire hazards and provides a cleaner environment for all inmates and jail workers. It is therefore reasonably related to a legitimate government objective.

■ Appellant also contends that the jail's failure to provide medical services for his nicotine withdrawal constitutes cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution. Appellant has not demonstrated that he was prohibited from seeking medical assistance for his withdrawal symptoms. An inmate who wishes medical attention must only complete a request to see a physician. There is no evidence that appellant made such a request and that such request was refused.

■ Finally, appellant contends that he was discriminated against because the trustees who work in the kitchen are permitted to smoke while the other inmates are denied such privilege. State action does not violate the protection clause if it is rationally related to a legitimate state purpose. *Minnesota State Board for Community Colleges v. Knight*, 465 U.S. 271, 104 S.Ct. 1058, 79 L.Ed.2d 299 (1984). Here, the trustees are a special classification of inmates permitted to smoke only under an exhaust system vented to the outside. Thus, the privilege given this special classification of inmates does not interfere with the legitimate state interest of providing a clean environment in the jail and reducing fire hazards.

The order of dismissal entered by the Franklin Circuit Court is affirmed.

All concur.